UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **SHIRLEY MICHAEL,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 3:08-cv-2309-CLS |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION AND ORDER

Claimant Shirley Michael commenced this action on December 11, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly applied the Eleventh Circuit's standard for evaluating subjective complaints of pain and other symptoms, and that he improperly evaluated claimant's credibility. Upon review of the record, the court concludes that these contentions are without merit.

To demonstrate that pain or another subjective symptom renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

In the present case, the ALJ found that claimant suffered from a severe combination of impairments, including chronic obstructive pulmonary disease

(COPD), diabetes, anxiety, and depressive disorder,[1] and that those impairments could reasonably be expected to produce the symptoms she alleged.[2]  Even so, the ALJ concluded that claimant's statements concerning the intensity, persistence and limiting effects of her symptoms were not fully credible.[3]  This conclusion was in accordance with applicable legal principles.  *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

Furthermore, the ALJ's conclusions about claimant's credibility were supported by substantial evidence.  The ALJ gave a detailed explanation of his reasons for rejecting claimant's testimony, For example, he noted that, although claimant complained of breathing problems due to COPD, she continued to smoke cigarettes and marijuana.  Claimant also was non-compliant with available prescribed treatment that, when properly followed, was effective in alleviating her symptoms.[4]  Significantly, no treating or examining physician noted disabling limitations, and the

---

[1]Tr. at 12.
[2]Tr. at 19.
[3]*Id.*
[4]Claimant argues that one reason she did not receive certain treatments is because she could not afford them.  There is no evidence, however, that claimant actually complied with the reduced-cost treatment options that were available and affordable.

limitations claimant alleged were inconsistent with the medical findings of record. Finally, the ALJ found that claimant had provided inconsistent information to medical providers and to the court during the administrative proceedings, and that the limitations she alleged were inconsistent with her reported activities of daily living.[5] It was proper for the ALJ to consider all of these factors in evaluating claimant's credibility, *see* 20 C.F.R. §§ 404.1529(c)(3)-(4), and the record supports his findings.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 16th day of November, 2009.

_____
United States District Judge

---

[5] Tr. at 17-21.